IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND RAMDEO, | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:24-cv-04946 |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| CITY OF HOUSTON, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff Raymond Ramdeo ("Plaintiff" or "Ramdeo") now files this Complaint against Defendant City of Houston ("Defendant" or "the City"). In support, Plaintiff states as follows:

## PARTIES

1. Plaintiff Raymond Ramdeo is a citizen of the United States and a resident of Humble, Texas.

2. Defendant City of Houston is a local government in the state of Texas. It may be served with process by serving John Whitmire, located at 901 Bagby Street, Houston, Texas 77002, or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

4. This Court has personal jurisdiction over Defendant because it has continuously and systematically performed a substantial amount of business within the state of Texas and, moreover, are being sued herein for illegal conduct against the Plaintiff that occurred within the state of Texas. Accordingly, this Court has both general and specific jurisdiction over the

Defendants.

5.      Venue is proper in the United States District Court for the Southern District of

Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) because all or part of the unlawful employment

practices committed by the Defendants occurred in this district.

### FACTS

6.      Ramdeo began working at the City in 2006.

7.      The City of Houston has over 1,000 employees.

8.      Ramdeo's job title at the time of his termination from the City was Assistant

Director in the drinking water service line of the Houston Public Works Department of the City.

9.      Ramdeo was qualified for his position as Assistant Director at the City and had the

necessary education and experience required of the job.

10.     Ramdeo is a diabetic with neuropathy in his legs and extremities, and these

impairments substantially limit certain major life activities of Plaintiff, including walking,

working, and certain bodily functions within the endocrine system.

11.     Regardless of his physical impairments of being diabetic and having neuropathy,

Ramdeo was still qualified to perform the essential functions of his job as an Assistant Director at

the City.

12.     Ramdeo's supervisor at the time of his termination was Greg Eyerly.

13.     During his employment with the City, Ramdeo requested FMLA leave on multiple

occasions.

14.     Ramdeo's physical impairments were also a serious health condition.

15.     On or around November 9, 2023, while Ramdeo was on vacation, the City approved

Ramdeo's time off to be treated as FMLA leave for the dates November 13, 2023, through

November 17, 2023, and for November 20, 2023, through November 22, 2023.   However, Ramdeo's supervisor, Greg Eyerly, went into the system and retroactively changed Ramdeo's eligible FMLA time to "absent without leave" or "AWOL" on November 22, 2023, even though Ramdeo was eligible for FMLA leave at that time.

16.     On November 29, 2023, the City fired Ramdeo, and stated in a letter that "his services were no longer needed."   However, Ramdeo was also told that he was terminated for allegedly not clocking in and out of work, which is purely pretextual.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

17.     On or about December 5, 2023, Plaintiff timely filed a charge of discrimination (Charge No. 460-2024-01741) with the EEOC and the Texas Workforce Commission Civil Rights Division for his claims of discrimination and retaliation.

18.     The EEOC issued Plaintiff a right to sue letter on or about September 19, 2024.

19.     This lawsuit has been filed within 90 days of the EEOC's issuance of that Notice. Consequently, this lawsuit has been filed within 90 days of Plaintiff's receipt of that Notice.

20.     Based on the foregoing, Plaintiff has exhausted all administrative remedies required under the ADA/ADAAA for the claims arising from his EEOC Charge.

FIRST CAUSE OF ACTION (DISABILITY DISCRIMINATION)

21.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

22.     Plaintiff is a qualified individual with disabilities within the meaning of the Americans with Disabilities Act ("ADA") and the ADA Amendments Act ("ADAAA").

23.     Plaintiff was qualified for his position regardless of his disability.

24.     Plaintiff suffered an adverse employment action when he was terminated.

25.     The City's excuses for terminating Ramdeo were pretextual.

26.     Such conduct violates the ADA.

27.     Plaintiff has been damaged by the discrimination against him.

### SECOND CAUSE OF ACTION (FMLA INTERFERENCE)

28.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

29.     Defendant is an employer within the meaning of the Family Medical Leave Act of 1993 ("FMLA").

30.     Plaintiff was eligible to take FMLA leave.

31.     Plaintiff provided Defendants with notice of his intention to take leave from work.

32.     Defendants denied Plaintiff's FMLA benefits and restrained his rights by retroactively denying his FMLA leave in December of 2023 and failing to properly deduct leave in relation to his employee benefits.

33.     Defendant's interference prejudiced Plaintiff.

34.     Defendant's conduct violates the FMLA.

### THIRD CAUSE OF ACTION (FMLA RETALIATION)

35.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

36.     Plaintiff engaged in a protected activity under the FMLA by requesting FMLA for his serious health condition.

37.     Plaintiff suffered a materially adverse employment action when he was terminated on November 29, 2023, shortly after he requested FMLA leave.

38.     There is a causal link between Plaintiff's protected activity under the FMLA and the materially adverse employment action.

39.     Such conduct violates the FMLA.

40.     Defendant was aware of the requirements of the FMLA and had a policy regarding

FMLA leave.  Therefore, Defendant's conduct that violates the FMLA was willful.

### FMLA LIQUIDATED DAMAGES

41.     Plaintiff seeks an award of liquidated damages under the FMLA.

### ATTORNEY'S FEES

42.     If Plaintiff prevails, he is entitled to an award of reasonable and necessary

attorney's fees.

### JURY DEMAND

43.     Plaintiff hereby demands a trial by jury on all claims that may be tried to a jury.

### PRAYER FOR RELIEF

Plaintiff hereby prays that Defendant be cited to appear and that, upon trial, the Court enter

a judgment in his favor for the following:

a) back pay;
b) compensatory damages;
c) injunctive relief in the form of reinstating Plaintiff;
d) reinstatement and/or front pay;
e) taxable court costs;
f) liquidated damages
g) attorney fees; and
h) Such other and further relief to which he may show himself entitled.

*(Signature block followed on next page)*

Respectfully submitted,

THROCKMORTON LAW FIRM PLLC

By: */s/Connor Throckmorton*
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
5718 Westheimer, Suite 1000
Houston, Texas 77057
Telephone:      (713) 400-6173
Facsimile:      (713) 583-8380
Email:          connor@throckmortonlaw.com

***ATTORNEY FOR PLAINTIFF***

6